U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 19 2010
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STATON HOLDINGS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0419-D |
| | § | |
| RUSSELL ATHLETIC, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Defendant Russell Brands, LLC has filed a motion to quash and for protective order in connection with the deposition of its President, John Holland. As grounds for the motion, defendant contends that Holland did not participate in any of the events giving rise to this suit, and that his deposition is unnecessary, unduly burdensome, and an improper "Apex" deposition. Plaintiff counters with three reasons why Holland's deposition is necessary: (1) Tony Iannuzzi, the Russell employee who made the decision to refuse or "turn back" the return of merchandise requested by plaintiff, answered directly to Holland; (2) Holland had to approve any returns by plaintiff; and (3) Holland approved a return of merchandise by plainitff in December 2008. The parties have briefed their respective positions in a joint status report filed on January 15, 2010, and the motion is ripe for determination.

Regardless of whether courts in the Fifth Circuit recognize the "Apex" doctrine, which requires a party to pursue less intrusive means of discovery before deposing a high-level corporate executive,[1] the court determines that Holland's deposition should be quashed. As the party seeking

---

[1] Research reveals only one reported decision from a court in the Fifth Circuit addressing the "Apex" doctrine, and that court held that the doctrine does not apply in a federal diversity case. *Gauthier v. Union Pacific Railroad Co.*, No. 1-07-CV-12, 2008 WL 2467016 at *4 n.2 (E.D. Tex. Jun. 18, 2008). Because plaintiff has failed to meet the threshold

to depose Holland, plaintiff must show that the deposition "appears reasonably calculated to lead to the discovery of admissible evidence." *Spiegelberg Mfg., Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.), *citing* FED. R. CIV. P. 26(b)(1). Even if plaintiff makes such a showing, the court may issue an order to protect Holland from "annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). Here, plaintiff has failed to make the required threshold showing that Holland has knowledge of facts likely to lead to the discovery of admissible evidence. In his affidavit, Holland states:

> I approved Staton's first submitted return in December 2008. I was not aware in December 2008 that Staton then attempted to return four more trucks of product, as the entire return situation was handled by Tony Iannuzzi. I was not involved in the decision to turn back or refuse the second, unauthorized return from Staton that took place in December 2008 and/or January of 2009. I learned about it after it took place. To my knowledge, I did not learn about it until Russell learned it had been sued by Staton.

(Jt. Stat. Rep. App. at 8, ¶ 9). The same information is provided by Tony Iannuzzi in his affidavit. (*Id.* at 11, ¶ 8). Not only was Holland not involved in the decision to refuse or "turn back" the second return of merchandise, but he has not dealt with anyone at Staton Holdings regarding sales issues in the last five years. (*Id.* at 8, ¶ 6). Although Holland did approve a return of merchandise in December 2008, that return is not at issue in this case.

Nor has plaintiff shown that Holland played any role in the decision not to accept the second return. In fact, when asked at his deposition whether Holland "had anything to do with the decision to turn back your return," Ned Staton answered:

> Well, you know, I heard from Tony that John Holland was the one that approved the first return. So I can only assume that John Holland was going to be saying yea or nay on the second part of it[.]

---

requirements for deposing Holland under the federal rules, the court need not decide whether the "Apex" doctrine applies here.

(*Id.* at 38). That "assumption," without more, is insufficient to show that Holland's deposition is likely to lead to the discovery of admissible evidence.

For these reasons, defendant's motion to quash and for protective order [Doc. #35] is granted. The Deposition Notice of John Holland is quashed in its entirety.

SO ORDERED.

DATED: January 19, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE