```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

STATON HOLDINGS, INC. d/b/a       §
STATON WHOLESALE d/b/a            §
STATON CORPORATE AND CASUAL,      §
                                  §
                  Plaintiff,      §
                                  § Civil Action No. 3:09-CV-0419-D
VS.                               §
                                  §
RUSSELL ATHLETIC, INC., et al.,   §
                                  §
                  Defendants.     §
```

MEMORANDUM OPINION
AND ORDER

The January 5, 2010 motion of defendants Russell Athletic, Inc. and Russell Corporation f/k/a Jerzees Apparel, L.L.C. (collectively, "Russell") to strike plaintiff's fourth amended complaint is granted.[1]

In a memorandum opinion and order filed November 20, 2009, the court granted Russell's motion to dismiss in which Russell sought dismissal under Fed. R. Civ. P. 12(b)(6) of the claims of plaintiff Staton Holdings, Inc. d/b/a Staton Wholesale d/b/a Staton Corporate and Casual ("Staton") for tortious interference with business relationship and violation of § 2(a) of the Clayton Act, as amended by the Robinson-Patman Price Discrimination Act, 15 U.S.C. § 13(a).

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

*See Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2009 WL 4016117, at \*9 (N.D. Tex. Nov. 20, 2009) (Fitzwater, C.J.) ("*Staton I*"). In response to the motion, Staton had requested leave to amend. *See* P. Aug. 21, 2009 Resp. 15. In granting the motion, the court "grant[ed] Staton one final opportunity to amend." *Staton I*, 2009 WL 4016117, at \*9. Citing a prior opinion of the court that holds that such leave should be given "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal," the court concluded that "it [was] not clear that Staton's pleading deficiencies [were] incurable, and Staton [had] not advised the court that it [was] unwilling or unable to amend in a manner that [would] avoid dismissal." *Id.* at \*9. It was therefore pellucid that the court's purpose in allowing Staton to amend was to enable it to state claims, if it could, for tortious interference with business relationship and a violation of § 2(a) of the Clayton Act, not to grant it leave to add new claims. In response to *Staton I*, Staton filed a fourth amended complaint that adds new claims. Russell moves the court to strike the amended complaint, contending that it was filed without leave of the court after the deadline for amended pleadings and without good cause.[2]

---

[2]Alternatively, Russell moves for dismissal of the two claims alleged in the fourth amended complaint that were not included in the prior amended complaint. The court need not address Russell's alternative motion to dismiss.

Staton's fourth amended complaint adds new claims for relief. Staton alleges an additional breach of contract claim, based on a duty to continue to supply Russell products, and a previously-unpleaded breach of warranty claim, also based on a duty to supply Russell products. Staton also amends its previous breach of contract claim—in which it had alleged that Russell failed to accept the return of products or pay for the return—to include a claim for damages from lost sales.[3] Finally, Staton adds a claim for reimbursement of catalog charges, in which it avers that Russell failed to pay expenses relating to Staton's placing Russell products in Staton's catalog. Staton did not in its third amended complaint allege the existence of a warranty or a breach of a duty to reimburse it for catalog expenses.

*Staton I* did not address Staton's breach of contract claim. In explaining why Staton had failed to state a claim for tortious interference with business relationship, the court reasoned that Staton had failed to allege a tort duty that Russell had violated. *See Staton I*, 2009 WL 4016117, at *4. In doing so, the court observed that the duty Staton alleged that Russell had violated was

---

[3]In Staton's third amended complaint, it alleged its breach of contract claim in three paragraphs. That claim concerned Russell's refusal to accept returned products. Staton's alleged damages were storage charges, the amount it should be reimbursed, and interest. In the fourth amended complaint, Staton alleges a new fourth paragraph that the court construes as an attempt to amend the claim to seek damages for lost sales.

- 3 -

contractual, not tort.  The court did not, by allowing Staton leave to amend, grant it leave to recast the same behavior as a breach of contract or a breach of warranty.

Nor does Staton's fourth amended complaint correct the deficiencies of the third amended complaint.  Staton instead converts a tort claim into a contract claim, adds a new claim for damages, adds a breach of warranty claim, and adds a claim for breach of a duty to reimburse for catalog expenses.  Because the court did not grant Staton leave to amend to any greater extent than permitted by *Staton I*, Staton was required to secure such leave before filing an amended complaint that adds news claims.

Because the deadline for seeking leave to amend pleadings has expired,[4] Staton must satisfy the good cause standard of Fed. R. Civ. P. 16(b)(4) before the court addresses the more liberal amendment standard of Rule 15(a)(2).  Staton has neither addressed nor satisfied Rule 16(b)(4); it relies on the mistaken premise that the leave the court granted in *Staton I* is sufficient to allow Staton to assert these claims.

---

[4]Under the scheduling order, the deadline for filing motions for leave to amend was September 18, 2009.

- 4 -

\*   \*   \*

Accordingly, Russell's January 5, 2010 motion to strike plaintiff's fourth amended complaint is granted.

**SO ORDERED.**

March 19, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE