```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

STATON HOLDINGS, INC. d/b/a      §
STATON WHOLESALE d/b/a           §
STATON CORPORATE AND CASUAL,     §
                                 §
              Plaintiff,         §
                                 § Civil Action No. 3:09-CV-0419-D
VS.                              §
                                 §
RUSSELL ATHLETIC, INC., et al.,  §
                                 §
              Defendants.        §

### MEMORANDUM OPINION AND ORDER

The February 1, 2010 objection of plaintiff Staton Holdings, Inc. d/b/a Staton Wholesale d/b/a Staton Corporate and Casual ("Staton") to the magistrate judge's January 19, 2010 memorandum order is granted, the memorandum order is vacated, and the January 6, 2010 motion to quash and motion for protective order of defendant Russell Brands, LLC ("Russell") are re-referred to the magistrate judge for further proceedings.

I

Staton objects to the magistrate judge's January 19, 2010 memorandum order granting Russell's motion to quash Staton's notice to depose Russell's President, John Holland ("Holland"),[1] and granting Russell a protective order. Staton contends that the magistrate judge improperly placed on Staton the burden of establishing that the evidence Staton sought was reasonably

---

[1] Holland is also the CEO and President of Fruit of the Loom, Inc., Russell's parent company.


calculated to lead to admissible evidence and that the magistrate judge erred in finding that Staton did not make this showing.

In this lawsuit, Staton contends, in pertinent part, that Russell breached its contract to accept returns of goods by failing to reimburse fully a 2008 return. The deadline for the parties to complete discovery in this case was January 8, 2010. On December 30, 2009 Staton noticed Holland's deposition, to take place on January 7 or 8, 2010 in Dallas. Russell moved under Fed. R. Civ. P. 26(c)[2] to quash and for a protective order. Relying in part on the Texas "Apex" doctrine, Russell contended that the deposition was unduly burdensome because Holland was a high-ranking officer, had no knowledge of the disputed transaction, and did not work or reside in Dallas. The magistrate judge granted the motion. He avoided deciding whether the Texas "Apex" doctrine applied in federal court, *see Staton Holdings Inc. v. Russell Athletic, Inc.*, 2010 WL 235023, at *1 n.1 (N.D. Tex. Jan. 19, 2010) (Kaplan, J.), and he held that Staton had "failed to make the required threshold showing that Holland has knowledge of facts likely to lead to the discovery of admissible evidence," *id.* at *1. Based on the affidavits of Holland and Tony Iannuzzi, the Russell employee in charge of the returns who reported directly to Holland, the

---

[2] In its motion, Russell moves for relief under Rule 26(b) and (c). *See* Mot. Quash & Mot. Protective Order 4 ¶ 9. Because Rule 26(c) authorizes motions for protective orders, the court treats the motion as having been filed under Rule 26(c).

magistrate judge found that Holland had no knowledge of the transaction in question. *Id*.

## II

### A

> The appeal is governed by Fed. R. Civ. P. 72(a), which provides that the court shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable *de novo,* and the district judge reverses if the magistrate judge erred in some respect in her legal conclusions. The abuse of discretion standard governs review of that vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous.

*AssistMed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL 1489422, at *2 (N.D. Tex. May 11, 2006) (Fitzwater, J.) (citations, brackets, ellipsis, and internal quotation marks omitted).

"'[A] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir.

2001) (quoting *Kelly v. Syria Shell Petroleum Dev., B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). Nevertheless, "'[a] district court by definition abuses its discretion when it makes an error of law.'" *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218 (5th Cir. 2003) (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)).

B

In deciding Russell's motion, the magistrate judge improperly placed on Staton the burden of establishing that Holland had knowledge of facts likely to lead to the discovery of admissible evidence. The magistrate judge concluded that Staton first "must show that the deposition 'appears reasonably calculated to lead to the discovery of admissible evidence.'" *Staton*, 2010 WL 235023, at *1 (quoting *Spiegelberg Mfg. Inc. v. Hancock*, 2007 WL 4258246, at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.)).[3] He suggested that, only after Staton made that showing was Russell obligated to

---

[3]The magistrate judge has relied several times on his *Spiegelberg* opinion for this proposition. Apart from the magistrate judge's own opinions, however, only three judges have cited *Spiegelberg* for the premise that the party seeking discovery has the initial burden. Two district judges have done so in the context of motions to compel, not, as here, motions to quash and for protective order. *See SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *1, *2 (E.D. Tex. Feb 10, 2010); *Ellison v. Patterson-UTI Drilling Co.*, 2009 WL 3247193, at *1, *2 (S.D. Tex. Sept. 23, 2009). One magistrate judge has done so, as here, in the context of a motion to quash and for protective order. *See Gauthier v. Union Pac. R. Co.*, 2008 WL 2467016, at *1, *3 (E.D. Tex. June 18, 2008).

demonstrate that the deposition would subject it to "annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* (quoting Rule 26(c)(1)).  The magistrate judge held that Staton "ha[d] failed to make *the required threshold showing* that Holland ha[d] knowledge of facts likely to lead to the discovery of admissible evidence."  *Id.* (emphasis added).  This placed the initial burden on Staton rather than on Russell.

"[A] party seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection."  *Williams ex rel Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002) (Kaplan, J.) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990); *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994) (Kaplan, J.)). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance[.]"  *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978), and citing 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2035, at 483-86 (2d ed. 1994)). "'Good cause' exists when justice requires the protection of 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'"  *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (quoting *Landry*,

901 F.2d at 435).   Russell, not Staton, had the burden of establishing entitlement to quashal and a protective order.

The magistrate judge abused his discretion by requiring Staton to make a threshold showing that Holland had knowledge of facts likely to lead to the discovery of admissible evidence.  Although that question is among the ones properly considered when evaluating whether a protective order should be granted, the burden of establishing entitlement to quashal and a protective order is on the movant, Russell.

Accordingly, although it is entirely possible that the magistrate judge will reach the same or a similar result after considering Russell's motion under the correct burden regimen, the court must vacate the order and re-refer Russell's January 6, 2010 motion to quash and motion for protective order to the magistrate judge for further proceedings.

VACATED and RE-REFERRED.

April 7, 2010.

*[signature]*
SIDNEY A. FITZWATER
CHIEF JUDGE